# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAROL MORRIS, MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES and GALLATIN COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 18-68-BU-BMM<br><br>JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real

property that is the subject of this foreclosure action is located in the County of Gallatin, State of Montana, and is described as follows:

> Lot 2 in Block 10B of Amended Subdivision Plat of Lot 1, Block 10, Headwaters Addition located in the SW¼SE¼, Section 26; and N½ of Section 35; All in Township 2 North, Range 1 East of P.M.M., Gallatin County, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder of Gallatin County, Montana. (Doc. 1, Para. 5).

2. Carol Morris received a Home Equity Conversion loan and mortgage/deed of trust, commonly referred to as a reverse mortgage from Intermountain Mortgage Co. Inc., on September 12, 2005. The Home Equity Conversion program was established by Congress under 12 U.S.C. § 1715 et seq. The loan and deed of trust was subsequently assigned to the U.S. Department of Housing and Urban Development (HUD). No payments on such loans are due, until all parties who signed the loan and mortgage are deceased, or have vacated the premises for one year. The loan is evidenced by a promissory note dated September 12, 2005. A true and correct copy of the promissory is attached to the Complaint as Exhibit A. (Doc. 1, Para. 2).

3. As security for the above-described loan Carol Morris executed two Deeds of Trust as described below:

a.) A Deed of Trust with Intermountain Mortgage Co., Inc. as beneficiary on September 12, 2005. This Deed of Trust was filed for record with the Clerk and Recorder of Gallatin County on September 16, 2005 as Document No. 2202068. The Home Equity Conversion deed of trust was insured by HUD

under the National Housing Act as amended, 12 U.S.C. § 1701 et seq. A true and correct copy of the Deed of Trust is attached to the complaint as Exhibit B.

    b.) A Deed of Trust with the Secretary of Housing and Urban Development as beneficiary on September 12, 2005. This Deed of Trust was filed for record with the Clerk and Recorder of Gallatin County on September 16, 2005 as Document No. 2202069. A true and correct copy of the Deed of Trust is attached to the complaint as Exhibit C.

    4. The Adjustable Rate Home Equity Conversion Deed of Trust originally held by Intermountain Mortgage as described in paragraph 3 above was subsequently assigned by Intermountain Mortgage to Financial Freedom Senior Funding Corporation on September 16, 2005. The Assignment of Deed of Trust was filed with Gallatin County Clerk and Recorder on September 16, 2005 under Document Number 2202070. Financial Freedom Senior Funding Corporation assigned the Adjustable Rate Home Equity Conversion Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS") on September 28, 2009. The assignment was recorded with the Gallatin County Clerk and Recorder's Office on October 14, 2009, as Document Number 2344244. Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to Secretary of Housing and Urban Development on April 24, 2015. The assignment was recorded with the Gallatin County Clerk and Recorder's Office on May 12, 2015, as Document Number 2511127. True and correct copies of all of the Assignments

of the Deeds of Trust are attached to the Complaint as Exhibit D.  (Doc 1, Para. 4).

    5.    The Deeds of Trust provide as security the real property located in Gallatin County, Montana and described as follows:

> Lot 2 in Block 10B of Amended Subdivision Plat of Lot 1, Block 10, Headwaters Addition located in the SW¼SE¼, Section 26; and N½ of Section 35; All in Township 2 North, Range 1 East of P.M.M., Gallatin County, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder of Gallatin County, Montana.

    6.    Defendant, Carol Morris, is in default under the terms of the promissory note and deeds of trusts described above.  The Deeds of Trust provide for immediate payment in full if the borrower dies or the property is not the principal residence of a least one surviving borrower.  Carol Morris is no longer living on the property.  On March 31, 2016, a letter was received from Broadwater Health Center advising Carol Morris has resided at their facility since March 21, 2016.  The account was accelerated on July 27, 2017.  (Doc. 1, Para. 6).

    7.    Defendant, Carol Morris, is indebted to the Plaintiff for the loans outlined above in the principal amount of $68,532.15, plus accrued interest in the amount of $27,726.71 as of February 13, 2018, plus administrative charges for property tax, insurance and program fees in the amount of $10,078.46 for a combined total of $106,337.32 as of February 13, 2018.  Interest continues to accrue from February 13, 2018, at the rate of $10.95 per day until the date of entry of judgment.  Attached to the Complaint as Exhibit E is a Certificate of Indebtedness which verifies the amount due.  Plaintiff seeks post-judgment

interest pursuant to 28 U.S.C. § 1961.  (Doc. 1, Para. 7).  The United States does not seek a deficiency judgment.

8. Defendant, Carol Morris was personally served with a copy of the Summons and Complaint by the Broadwater County Sheriff's Department on May 6, 2019.  (Dkt. 17).  Defendant Carol Morris did not make an appearance.  Her Default was entered on June 20, 2019.  (Dkt. 22).

9. Defendant Montana Department of Public Health and Human Services, was personally served with a copy of the Summons and Complaint by the United States Marshals Office on March 26, 2019.  (Dkt. 13).  On May 16, 2019, a Stipulation between United States and Montana Department of Public Health and Human Resources was filed with the Court. (Dkt. 18)  The stipulation acknowledges that the Montana Department of Public Health and Human Services has an interest in the real property that is subject to the foreclosure by virtue of a Medical Assistance Lien dated May 2, 2016.  In the stipulation Montana Department of Public Health and Human Services agrees that it has no objection to the United States obtaining a judgment, decree of foreclosure and order of sale.  Montana Department of Public Health and Human Services agrees that their lien is in a subordinate position to the deeds of trust held by the United States.

10. Erin Arnolde, Gallatin County Deputy Attorney, executed a Waiver of Service of Summons; it was filed with the Court on November 19, 2018. (Dkt No. 7).  On November 19, 2018, Defendant Gallatin County filed a stipulation

with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Dkt No. 8).

## CONCLUSIONS OF LAW

11.    Gallatin County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

12.    The Plaintiff, United States, is entitled to judgment against Defendant, Carol Morris, in the principal amount of $68,532.15, plus accrued interest in the amount of $27,726.71 as of February 13, 2018, plus administrative charges in the amount of $10,078.46 for a combined total of $106,337.32 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the rate of $10.95 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

13.    The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, have judgment against Defendant, Carol Morris, in the principal amount of $68,532.15, plus accrued interest in the amount of $27,726.71 as of February 13, 2018, plus administrative charges in the amount of $10,078.46 for a combined total of 106,337.32 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the rate of $10.95 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Gallatin County, Montana, and described as follows:

> Lot 2 in Block 10B of Amended Subdivision Plat of Lot 1, Block 10, Headwaters Addition located in the SW¼SE¼, Section 26; and N½ of Section 35; All in Township 2 North, Range 1 East of P.M.M., Gallatin County, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder of Gallatin County, Montana.

4. Pursuant to 12 U.S.C. § 1701(k) there is no right of redemption, and the United States is not seeking a deficiency judgment..

5. The real property be sold in one unit.

S:\civil\2018V00055 - Morris\judgment.docxS:

7

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale and Deed to the purchaser at the time of sale of the real property.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A. To Gallatin County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

    B. To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C. Any overplus remaining after the payments to Gallatin County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's deed of

trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, shall be forever barred and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

12. The United States is not seeking a deficiency judgment.

DATED this 28th day of June, 2019.

_____
Brian Morris
United States District Court Judge